### Dotson v. Delorme Lumber Company.

(Decided September 29, 1914.)

## Appeal from Pike Circuit Court.

Personal Injuries—Action for—Peremptory Instruction—Evidence.
—In an action to recover damages for personal injuries, evidence
examined and held that as there is no proof of any negligence on
the part of the defendant which in any way caused the injury, the
lower court properly directed a verdict against the plaintiff.

J. S. CLINE for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellant, Dotson, sued to recover of appellee,
Lumber Company, $5,000 for personal injury, which he
claims was inflicted upon him through the negligence of
the Lumber Company.   On the first trial he recovered
$500 damages.   On motion of appellee, the lower court
set aside the verdict.   On the next trial at the conclusion

of appellant's testimony, the lower court peremptorily instructed the jury to find against him. Complaint is made of the lower court in setting aside the verdict on the first trial, as well as in giving the peremptory instruction on the second. A complete record of the first trial is not before us. In fact, the appeal is taken only from the judgment of the lower court based on the directed verdict. Therefore, the only question for us to consider is whether there was any evidence to establish negligence on the part of the Lumber Company as the cause of Dotson's injuries.

The business of the Lumber Company was saw-milling in Laurel County. It had men employed in the woods felling trees, cutting the trees into saw-lengths, dragging or rolling logs from the place on the hill or mountain side to roadways in the valley, and from thence they were trammed or hauled to the mill. Dotson was about 24 years old, and had been in the employ of the Lumber Company for six months at least. For part of the time his duties were in and about the mill. At other times, he was engaged in the woods and on the haulways. He swears that he had never performed any of the duties in which he was engaged at the time of the accident until that very day, with the inference that he was, therefore, ignorant of the dangers incident to them. He also swears he received no instructions from the foreman in charge of the crew in the woods with which he was engaged on this day. His duty at the time was to scalp, bark, and trim the logs after one crew had felled the tree, and another had cut the tree into saw-logs. In other words, he chopped off the limbs from the saw-logs—got the logs into condition so that they might be rolled down the hillside to the roadway. He had trimmed up the log in question and thought he had cut off all of the limbs. He then stood on the upper side of it, and, with a canthook caught under it, started it rolling down the hill. There was a limb on the under side concealed by the leaves in a hole or depression under the log. This limb he did not cut off because he says he did not see it, or know it was there. When the log turned, the limb caught him between the legs, threw him over, and in front of it. The log rolled over him and broke both legs. From this injury it is shown that he will be a cripple for life.

For recovery, it is alleged that the Lumber Company did not provide him a safe place to work, in that it negligently felled the tree straight across the hill, that is, at right angles to the slope of it, instead of down the hill or "angling" down the hill. There is some evidence to show that it was negligence to fell the tree as was done in this case. The idea being, no doubt, that with the tree lying straight across the slope of the hill, the logs when cut by the sawyers, would roll out of place and down the hill more rapidly, to the increased danger of anyone working on the lower side. On the other hand, it is shown that if the tree is felled down the hill, the top or lap will be in the way of rolling the log to the road below.

If the position of the log had been the cause of the accident, the appellant might be heard to argue that the court erred in giving a peremptory instruction against him. But neither the position of the tree on the hillside nor the steepness of the slope had anything to do with the accident. No matter how steep the hill was, the log did not get away from anyone, for it was practically secure until the appellant with a canthook started it in motion. He was not injured by being at work on the lower side of it. It was his duty, and he had, as he thought, completely trimmed and prepared the log so that he might start it rolling down the hill. He was on the upper side of it. His injury was due to a limb concealed under the log, which he had not removed although it was a part of his duty to remove it. Perceiving no proof of any negligence on the part of the Lumber Company which in anywise caused or contributed to appellant's injury, we are of the opinion that the lower court properly directed a verdict against him.

The judgment is, therefore, affirmed.